<u>NOT FOR PUBLICATION</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                        :
JOHNNY LYNN BAKER,                      :
                                        :   Civil Action No. 14-5438 (RMB)
               Petitioner,              :
                                        :
          v.                            :           **<u>OPINION</u>**
                                        :
JORDAN HOLLINGSWORTH,                   :
                                        :
               Respondent.              :
_____:

**BUMB**, District Judge:

     This matter comes before the Court upon Petitioner's § 2241

petition, <u>see</u> Docket Entry No. 1 ("Petition"), that was followed

by his filing fee of $5.00.

     Petitioner is a federal inmate currently confined at the FCI

Fort Dix, New Jersey.  <u>See</u> <u>generally</u>, Docket.  His imprisonment

resulted from the conviction and sentence rendered by the Eastern

District of Virginia ("E.D. Va.").  <u>See</u> Docket Entry No. 1, at 2;

<u>see</u> <u>also</u> <u>United States v. Baker</u>, Crim. Action No. 07-0435 (JRS)

(E.D. Va.) (filed Nov. 7, 2007, term. December 18, 2008).

     The E.D. Va. detailed the events underlying Petitioner's

conviction as follows:

          On October 31, 2006, . . . Inspector . . . Suboyu
          ("Suboyu"), acting in an undercover capacity as a
          purveyor of child pornography, posted messages in two
          online groups . . . .  The subject line of both
          messages read "SPAM: beautiful little girls" [and
          offered, in thinly disguised terms, child pornography].
          Suboyu received an email reply from saboo@excite.com

> ("Saboo") [and an] email exchange between Suboyu and
> Saboo ensued, during which Saboo agreed to purchase
> DVDs of preteen children engaged in sexual acts.  When
> Suboyu indicated he would be interested in trading
> material, Saboo stated he could send Suboyu nude photos
> of his eleven-year-old daughter.  Saboo asked that
> Suboyu keep the photos off the Internet.  After the
> agreement was made, Saboo instructed Suboyu to send a
> package to [a certain] address.  Suboyu [then]
> determined all of the emails came from [Petitioner]. .
> . .  Inspector . . . Aldridge . . . [obtained] a search
> warrant authorizing a search of Petitioner's home . . .
> . [The search produced] a Dell computer, cable modem,
> CDs, floppy diskettes, phone drive, two laptop
> computers, wireless router, digital camera, and other
> media items [and] Petitioner was subsequently indicted
> [on the charge of] possession of child pornography.  .
> . .  At trial, the Government called . . . [a] forensic
> examiner who examined Petitioner's seized computers
> [and] recovered 400 images depicting children as
> subjects, 135 of which were sexually explicit. . . . A
> jury convicted Petitioner . . . of possession of child
> pornography [and the E.D. Va.] sentenced [him] to a
> prison term of 108 months.  Petitioner appealed . . . .
> Finding no error, the Court of Appeals for the Fourth
> Circuit affirmed.

Baker v. United States, 2011 U.S. Dist. LEXIS 97493, at *1-7

(E.D. Va. Aug. 29, 2011).

Petitioner then filed a § 2255 motion "seek[ing] relief due

to [an allegedly] ineffective assistance of counsel."  Id. at *1.

The E.,D. Va. denied that motion, see id. at *41, and the Fourth

Circuit affirmed.  See United States v. Baker, 477 F. App'x 144,

2012 U.S. App. LEXIS 6538 (4th Cir. 2012).  Petitioner sought

certiorari from the Supreme Court without success.  See Baker v.

United States, 133 S. Ct. 281 (2012).

Almost two years later, Petitioner commenced the instant §

2241 action arguing that: (a) the statute underlying his

conviction, i.e., 18 U.S.C. § 2252A was unconstitutional because it "exceed[ed] Congress'[] Commerce Clause authority as applied to [Petitioner's] interstate possession of child pornography"; and (b) "in light of Alleyne v. United States, 133 S. Ct. 2151 (2013), Petitioner [was] actually innocent of [his] sentencing enhancements."  Docket Entry no. 1, at 12.  To justify his reliance on § 2241, Petitioner asserted that "§ 2255 [was] inadequate or ineffective" because "an intervening change in law made the crime for which he had been convicted 'non-criminal,'" id. at 25, and "Petitioner was simply unable to raise this claim of actual innocence in his prior § 2255 [m]otion."  Id. at 26; see also id. at 36 (challenging his sentence enhancements, one imposed "for obstruction of justice" ensuing from his use of his wife's false confession statement that she was downloading and purchasing child pornography and another imposed "for engaging 'in a pattern of activity involving the sexual abuse or exploitation of a minor'" based on Petitioner's nude photography of his daughter).

    Petitioner errs.  This Court is without jurisdiciton to address his § 2241 challenges.  A federal prisoner generally must use 28 U.S.C. § 2255 to collaterally attack his conviction or sentence on constitutional grounds.  He may seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.  Although §

2255 has a "safety valve," it is extremely narrow and does not apply unless the conduct underlying the conviction has been decriminalized by an intervening change in the law. O'Neal-Sloane v. Allenwood, 2014 U.S. App. LEXIS 15513, at *5 (3d Cir. Pa. Aug. 13, 2014) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).

Here, contrary to Petitioner's assertion, possession of child pornography is a crime today as it was on the days when Petitioner was convicted, had his direct appeal denied, and failed to prevail in his § 2255 action.[1]  Thus, his reliance on § 2241 is misplaced.

Petitioner's arguments based on the Commerce Clause and Alleyne are also unavailing.  To start, Petitioner's attack on the constitutionality of § 2252A, as applied, was available to him during his prosecution, direct appeal, § 2255 proceedings and § 2255 appeals.  Hence, his claim that he "was simply unable to raise this claim . . . in his prior § 2255 [m]otion" is false. Petitioner's constitutional attack is also without merit.  He asserts that, since he possessed child pornography and conducted his transactions with Suboyu while being within the Commonwealth of Virginia, § 2252A should not have been applied to him because *those* actions had no interstate aspects.  However, the relevant

---

[1]  The same applies to offenses of obstruction of justice and sexual exploitation of a minor.

analysis does not turn only on where a criminal's child
pornography is being held or purchased.  The statute prohibits
intrastate possession of child pornography made with materials
that had traveled in interstate commerce.  See Gonzales v. Raich,
545 U.S. 1 (2005).

It has been long settled that a connection to interstate
commerce is sufficient to apply § 2252A.  See, e.g., United
States v. Strausbaugh, 534 F. App'x 178, 2013 U.S. App. LEXIS
16553 (3d Cir.) ("there is no dispute that the Konica Minolta
Dimage camera was used to take the photographs and that it was
manufactured in Korea.  This satisfies the interstate commerce
jurisdictional 'hook'") (citing United States v. Galo, 239 F.3d
572, 575-76 (3d Cir. 2001), which, in turn, relied on United
States v. Rodia, 194 F.3d 465 (3d Cir. 1999), for the observation
that "the requirement that at least one of the materials used to
produce the child pornography travel in interstate commerce
provides the jurisdictional hook"), cert. denied, 134 S. Ct. 488
(2013).

Petitioner's claim based on Alleyne fares even worse.
"Alleyne does not apply retroactively to cases on collateral
review."  O'Neal-Sloane, 2014 U.S. App. LEXIS 15513, at *6-7
(citing United States v. Reyes, 755 F.3d 210 (3d Cir. 2014)).
Hence, it cannot be relied upon in a § 2241 proceeding.

Simply put, no matter how construed, Petitioner's § 2241 challenges are subject to dismissal for lack of jurisdiction. Therefore, his Petition will be dismissed.

An appropriate Order follows.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: September 5, 2014